[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Judgment affirmed. See Opinion and Judgment Entry. [O'NEILL] (CHRISTLEY) (NADER)
 DOMESTIC RELATIONS/SPOUSAL SUPPORT:
Both state and federal courts have concurrent jurisdiction to determine whether a debt is exempted from discharge in bankruptcy. Although state domestic relations law cannot be completely ignored, "[t]he issue of when an assumption of joint debts is `in the nature of alimony, maintenance, or support' as opposed to a division of communal property is to be determined by federal bankruptcy law." In re Calhoun (C.A.6, 1983), 715 F.2d 1103, 1107. See, also, Snyder, 105 Ohio App. 3
d at 76-77.
In Calhoun, the Sixth Circuit Court of Appeals sets forth the following three-part test to determine whether the assumption of a debt was in the nature of spousal support and, thus, not dischargeable. Initially, the court must consider "whether the parties to the divorceintended to create an obligation to provide support through the assumption of the joint debts." In making this initial determination, the trier of fact may consider "any relevant factor" from which to discern the parties' intent. If the court determines that the assumption of the debt "was intended as support it must next inquire whether such assumption has the effect of providing the support necessary to ensure that the daily needs of the former spouse and any children of the marriage are satisfied." Finally, if after the first and second parts of the Calhoun test have been met, the court must determine that "the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support." The party objecting to the discharge maintains the burden of establishing the nondischargeability of the debt.